McCORD, Judge.
The Gateway Hospital Corporation, East, d/b/a Pembroke Pines General Hospital (Gateway), appeals from a final order of the Department of Health and Rehabilitative Services (HRS) issuing to the South Bro-ward Hospital District (South Broward) a certificate of need authorizing South Bro-ward to spend up to $1,000,000 for the purchase of 30 acres of land in southwestern Broward County. The final order found for South Broward on the merits of the applica *338 tion as well as concluding that Gateway lacked the requisite standing to challenge the permit. We affirm.
South Broward is a public, tax-supported hospital district serving residents of southern Broward County. It owns and operates the Memorial Hospital in Hollywood, Florida, and a walk-in medical center in Pembroke Pines. Gateway, which is also located in southern Broward County, is a private hospital which competes with South Bro-ward’s facilities. It opposed the application for the certificate of need at a public hearing before the Health Planning and Development Council for Broward County, Inc. The Council voted approval of the application, which was subsequently approved by HRS. Gateway’s petition for a formal administrative hearing followed.
We agree with the conclusion of HRS that Gateway will not be “substantially affected” by South Broward’s proposed acquisition of real property in southwestern Broward County. There will be no competing services, for all that is proposed is the mere acquisition of land for possible future use of a new hospital. In fact, the simple acquisition of land is recognized by HRS rule as being inherently noncompetitive. Fla.Admin.Code Rule 10-5.08(2):
In order that those projects that are not truly competitive not be unduly delayed by the review cycles (“batching cycles”)[1] established pursuant to subsection (1) each HSA[2] shall adopt procedures for expedited review of the following types of projects:

(f) simple acquisitions of land, nonclinical equipment and system items, parking garages, parking lots, doctors’ office buildings, etc.
Gateway, however, argues that this authorization gives South Broward a “million dollar foot-in-the-door” advantage in any future proceedings for a new hospital in southwestern Broward County. We find this argument to be too speculative and tenuous an injury to convert Gateway into a substantially affected party. However, in order to dispel any doubts, we specifically hold that this purchase of land shall not afford South Broward any competitive advantage in future certificate of need licensing proceedings regarding a new hospital in southwestern Broward County.
On the merits, we find the final order of HRS to be supported by competent, substantial evidence. § 120.68(12), Fla.Stat.
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.

. Applications for similar types of services in the same health service area are reviewed in relation to each other, and review “batching cycles” have been established to ensure that applications which may be competitive will be given comparative review. Fla.Admin.Code Rule 10-5.08(1).

. Each certificate of need application is first evaluated by the Health Systems Agency (HSA) for the health service area in which the project is proposed. As part of its review, the HSA normally conducts a public hearing In which “interested” persons may present their views orally and in writing. § 381.494(6)(b), Fla.Stat. (1981); Fla.Admin.Code Rule 10-5.-10(l)(a). The HSA submits its written findings of fact and recommendation to HRS. § 381.-494(6)(d), Fla.Stat. (1981); Fla.Admin.Code Rule 10-5.10(l)-(4). HRS then reviews the application and issues or denies a certifícate of need for the project. § 381.494(7)(c), Fla.Stat. (1981); Fla.Admin.Code Rule 10-5.10(5)-(7).